IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANDREA SKIPPER**, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | |
| vs. | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **MARYMOUNT HEALTHCARE LLC d/b/a THE VILLA AT MARYMOUNT**, | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Named Plaintiff Andrea Skipper ("Named Plaintiff"), on behalf of herself and all others similarly situated, for her collective and class action Complaint against Defendant Marymount Healthcare LLC d/b/a The Villa at Marymount ("Defendant"), states as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2. Named Plaintiff brings this case as a FLSA "collective action" on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. §216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other similarly situated persons who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Named Plaintiff is an adult individual residing in Copley, Ohio.

8. Named Plaintiff was employed by Defendant from approximately February 2024 until January 2025.

9. Named Plaintiff was employed by Defendant as a non-exempt hourly employee. Named Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

10. At all relevant times, Named Plaintiff and all other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

11. At all relevant times, Named Plaintiff and those similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Defendant is an Ohio for-profit limited liability company with its headquarters at 5200 Marymount Village Drive, Garfield Heights, OH 44125 (Cuyahoga County). Defendant can

be served through its Ohio registered statutory agent: Business Filings Incorporated at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

13. At all relevant times, Defendant was an employer of Named Plaintiff and other similarly situated employees within the meaning of the FLSA and Ohio law.

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA and the OMFWSA.

## FACTS

16. Defendant owns and operates a senior and assisted living nursing facility in Ohio.

17. Defendant employs hourly workers to provide various services, including but not limited to nursing care, related to its facility.

18. Named Plaintiff and others similarly situated were hourly employees who worked for Defendant within the last three years. At no time was Named Plaintiff or others similarly situated paid on a salary basis.

19. Named Plaintiff worked for Defendant as an hourly employee and was paid approximately $23.50 per hour.

20. Named Plaintiff and those similarly situated were not exempt from the overtime requirements of the FLSA.

**Straight Time Violations**

21. During her employment with Defendant, Named Plaintiff spent a substantial amount of time working for Defendant, including working at all hours of the day outside of working at the

facility taking calls, scheduling, and performing other duties necessary for her job ("Other/On Call Work").

22. Named Plaintiff and other similarly situated employees regularly worked more than 40 hours in a workweek, but were paid only their straight time hourly rate for some hours that exceeded 40. For example, for the pay period of September 15 to 28, 2024, Named Plaintiff worked 142.47 hours, and for the pay period of December 8 to 21, 2024, Plaintiff worked 132.22 hours. Defendant paid Named Plaintiff an overtime premium for only a portion of her work time, for example 2 hours for the pay period of December 8 to 21, 2024, and 6.51 hours for the pay period of September 15 to 28, 2024. This overtime payment related to her clock in/out time while she was at the facility. However, for any work she performed outside of the facility, Defendant paid Named Plaintiff only her straight pay of $23.50 for all those hours listed as "Other" or "On Call," including the hours that exceeded 40 in the workweek. Under the FLSA, Defendant was required to pay Named Plaintiff at the lawful amount of one and one-half times her regular rate for all such hours.

23. Defendant's failure to pay the lawful overtime rate, in violation of the FLSA, was willful, knowing, and/or reckless. Defendant knew it was supposed to pay Named Plaintiff an overtime premium as it paid the overtime premium the one time for the hours she worked more than 40 in a workweek during the pay period of June 9 to 22, 2024. After that pay period, Defendant recategorized the hours she worked more than 40 hours in a work week as "Other" or "On Call" and began only paying Named Plaintiff her straight time for those "Other" or "On Call" hours which exceeded 40 hours in a workweek.

**Meal Break Violations**

24. During all relevant times, Defendant had a policy and practice of deducting, or causing to be deducted, 30-minute unpaid meal breaks from employees' time worked, including Named Plaintiff and those similarly situated.

25. Named Plaintiff and those similarly situated were often interrupted during their meal breaks or were unable to take their full 30-minute meal breaks due to work duties.

26. Despite these interruptions and incomplete meal breaks, Defendant continued to deduct, or cause to be deducted, 30 minutes from Named Plaintiff's and other similarly situated employees' time worked.

27. Defendant failed to accurately record and compensate Named Plaintiff and those similarly situated for all time worked, including time worked during interrupted unpaid meal breaks.

28. As a result, Defendant failed to pay Named Plaintiff and those similarly situated for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

29. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and on other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

30. The FLSA Collective members who are "similarly situated" to Named Plaintiff with respect to Defendant's FLSA straight time violations ("FLSA Straight Time Collective") is defined as:

> **All current and former hourly employees of Defendant and who worked more than 40 hours during any workweek but were not paid one and one-half times their regular rates for all hours that exceeded 40 in a workweek at any time from three years preceding the filing of this Complaint through final disposition of this matter**

31. The FLSA Collective members who are "similarly situated" to Named Plaintiff with respect to Defendant's FLSA meal break violations ("FLSA Meal Break Collective") is defined as:

> **All current and former hourly employees of Defendant and who were subject to Defendant's unpaid lunch policy and who worked 40 or more hours during any workweek at any time from three years preceding the filing of this Complaint through final disposition of this matter**.

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

33. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's unlawful practice of failing to pay Named Plaintiff and others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs

34. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2. For example, for the FLSA Straight Time Collective, Defendant can simply identify the employees with similar pay codes and/or identify employees who were paid straight time for any weekly hours that exceeded 40.

## OHIO CLASS ACTION ALLEGATIONS
### (Ohio Classes)

35. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Straight Time Class"), which is defined as:

> **All current and former hourly employees of Defendant and who worked more than 40 hours during any workweek but were not paid one and one-half times their regular rates for all hours that exceeded 40 in a workweek at any time during the two years preceding the date of the filing of this Complaint through final disposition of this matter.**

36. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Meal Break Class"), which is defined as:

> **All current and former hourly employees of Defendant who were subjected to Defendant's unpaid lunch policy and who worked 40 or more hours during any workweek at any time during the two years preceding the date of the filing of this Complaint through final disposition of this matter.**

37. The Class is so numerous that joinder of all members of the Ohio Straight Time Class and the Ohio Meal Break Class (collectively "Ohio Classes") is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals per class, whose identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. art. II, § 34a.

38. There are questions of law or fact common to the Ohio Classes including whether Defendant failed to pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates.

39. The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual Class members.

40. Named Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other members of the Ohio Classes.

41. Named Plaintiff and the Ohio Classes have all been injured in that they have been uncompensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Classes' members.

42. Named Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

43. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this

case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

45. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. §216(b).

47. At all relevant times, Named Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

48. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for hours worked in excess of 40 per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

49. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their properly calculated regular rate of pay when they worked more than 40 hours in a workweek. Instead, they were paid straight time for the hours worked in excess of 40 in a workweek.

50. Named Plaintiff and other similarly situated employees were not paid for all time worked because Defendant deducted 30-minute meal period even though Named Plaintiff and others similarly situated worked through the meal periods or were otherwise interrupted by work duties.

51. Named Plaintiff and other similarly situated employees were not paid lawful overtime compensation of one and one-half times their regular rates for hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

52. Defendant failed to pay Named Plaintiff and other similarly situated employees the required overtime compensation.

53. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

54. Defendant's practice and policy of not paying Named Plaintiff and other similarly situated for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the FLSA.

55. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

56. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

57. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
**(Ohio Classes - Overtime Violations)**

58. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Named Plaintiff brings this claim for violation of the OMFWSA, on behalf of herself and all members of the Ohio Classes for which certification is sought pursuant to Fed. R. Civ. P. 23.

60. At all relevant times, Named Plaintiff and the Ohio Classes' members regularly worked 40 or more hours per workweek for Defendant.

61. As hourly non-exempt employees, Named Plaintiff and the Ohio Straight Time Class members should have been paid overtime compensation at the rate of one and one-half times their properly calculated regular rate of pay when they worked more than 40 hours in a workweek. Instead, they were paid straight time for some hours worked in excess of 40 in a workweek.

62. Named Plaintiff and the Ohio Meal Break Class members were not paid for all time worked because Defendant deducted 30-minute meal period even though Named Plaintiff and others similarly situated worked through the meal periods or were otherwise interrupted by work duties.

63. Named Plaintiff and the members of the Ohio Classes were not paid for lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

64. Defendant failed to pay Named Plaintiff and the members of the Ohio Classes the required overtime compensation.

65. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the members of the Ohio Classes all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

66. Defendant's practice and policy of not paying Named Plaintiff and the members of the Ohio Classes for all earned overtime compensation at a rate of one and one-half times their

11

properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

67. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the members of the Ohio Classes is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

68. As a result of Defendant's violations of the OMFWSA, Named Plaintiff and the members of the Ohio Classes were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice to be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to the FLSA, 29 U.S.C. §216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other members of the Ohio Classes;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the Opt-Ins who join, and the Ohio Classes;

D. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Classes actual damages for unpaid wages;

E. Award Named Plaintiff and the Opt-Ins who join liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the Opt-Ins;

F. Award Plaintiff, the Opt-Ins who join, and the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

G. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Classes all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

H.  Award Named Plaintiff, the Opt-Ins who join, and the Ohio Classes any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (Ohio 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email:  hans@ohlaborlaw.com

Robi J. Baishnab (0086195)
1360 E 9th St, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email:  rbaishnab@ohlaborlaw.com

*Counsel for Named Plaintiff*


# JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*
*Counsel for Named Plaintiff*